# AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Zachary J. Mercer, being first duly sworn, hereby depose and state as follows:

## Introduction and Agent Background

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") where I have been employed since May of 2021. I am currently assigned to the Boston Group VI Field Office. As a Special Agent for ATF, some of my duties include the investigation and prevention of federal offenses involving the unlawful use, manufacture, and possession of firearms and explosives; acts of arson and bombings; and illegal trafficking of alcohol and tobacco products. I have participated in investigations involving individuals who unlawfully possess firearms, of individuals illegally selling firearms, and of individuals distributing illegal drugs. As such, I have coordinated the controlled purchases of illegal firearms and narcotics utilizing confidential sources; written, obtained and coordinated the execution of search and arrest warrants pertaining to individuals involved in the illegal possession and distribution of firearms and narcotics; conducted electronic and physical surveillance of individuals involved in illegal drug distribution; analyzed records documenting the purchase and sale of firearms and illegal drugs.

2. I attended and successfully completed the U.S. Department of Homeland Security Criminal Investigator Training Program, and the ATF Special Agent Basic Training located in Glynco, Georgia. Through my training and employment, I have experience with and knowledge of conducting surveillance, using confidential informants, conducting undercover operations, executing arrest, search, and seizure warrants, and conducting court-authorized electronic surveillance. I also have experience with and training in interviewing defendants, informants, and

witnesses, and I have participated in the application for and execution of search warrants, including searches of residences.

3. I submit this affidavit to establish probable cause that Joshua GUZMAN (born 2007) violated 18 U.S.C. § 111(a)(1) and (b) (Assault of a Person Assisting Federal Officers with a Dangerous Weapon) in the District of Massachusetts on February 25, 2026.

4. The facts set forth in this affidavit are based on my personal observations and knowledge as well as: (a) my training and experience, (b) information conveyed to me by other law enforcement officers participating in the investigation, (c) reports and/or business records, (d) witness statements, and (e) communications with other individuals who have personal knowledge of the events and circumstances described herein. Since this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included in this affidavit every detail of the investigation. Rather, I have set forth facts that I believe are sufficient to establish probable cause for the issuance of a criminal complaint. Unless specifically indicated otherwise, any conversations and statements described in this affidavit are related in substance and in part only.

**Probable Cause**

5. During February of 2026, an ATF Confidential Informant ("CI"),[1] at the direction of ATF, arranged a controlled purchase of a firearm from INDIVIDUAL-1. To do so, the CI

---

[1] The CI has requested that his/her identity not be revealed for fear of reprisal or harm to his/her physical safety. I am aware of the CI's identity and have met with the CI personally. The CI has provided accurate, truthful, and reliable information to law enforcement, including the ATF and Homeland Security Investigations ("HSI") in the past and continues to do so to the present. The CI has provided information that has led to the arrest and conviction of individuals charged with federal firearms and narcotics offenses. The CI has minimal criminal history. The CI is a person designated in 18 U.S.C. Section 1114 (that is, a confidential informant, who was at the time, a person assisting officers and employees of the ATF). In exchange for the CI's work, the CI is receiving money from the government and has been promised protection against retaliation, including possible relocation, upon disclosure of the CI's cooperation with law enforcement. The CI is also seeking immigration assistance to remain in the United States. To my knowledge, the CI has never knowingly provided false information to law enforcement. Thus, I believe the CI is reliable.

communicated with an individual associated with telephone number ending in 6206 via WhatsApp ("the 6206 number"). Specifically, the CI exchanged WhatsApp messages and audio calls with the 6206 number to arrange a controlled purchase of a pistol on February 25, 2026. Those messages began on February 18, 2026. As described below, law enforcement later determined that INDIVIDUAL-1 was the user of the 6206 number. On February 25, 2026, the user of the 6206 number directed the CI to go to "17A Barclay St, Worcester, MA 01604" via a WhatsApp message to consummate the firearm transaction.

6. On February 25, agents met with the CI and searched the CI for weapons and contraband with negative results. The CI was also given access to an ATF Special Purpose Vehicle (SPV) to use for the controlled purchase. Agents searched the SPV prior to the CI's use with negative results. Agents gave the CI one thousand six hundred dollars ($1,600 – in the form of 16 $100 bills) in ATF Agent Cashier funds[2] that the CI was instructed to use to purchase the firearm from the user of the 6206 number. The CI was provided with an ATF transmitter and recorders, to utilize for the firearms deal.

7. Investigators initiated surveillance around 17 Barclay St, Worcester, MA. Shortly after, I surveilled the CI as the CI travelled alone in the ATF SPV to the area of 17 Barclay Street. The CI arrived in the vicinity of Harrison Street and Barclay Street, and I observed two males walk toward and then enter the ATF SPV on Barclay Street. Specifically, I observed a male with a red hood enter the front passenger seat and another male entered the rear passenger seat. The male with the red hood was later identified as INDIVIDUAL-1 and the rear passenger was identified as GUZMAN. After INDIVIDUAL-1 and GUZMAN entered the ATF SPV, agents observed the ATF SPV travel South on Barclay Street. Agents monitored the audio communications within the ATF

---

[2] Agents did not memorialize the serial numbers of the bills that were provided to the CI.

SPV in real time. The interactions between the CI and INDIVIDUAL-1 and GUZMAN were also audio and video recorded.

8. Based on a review of the audio and video recording, the CI and INDIVIDUAL-1 engaged in conversation during and while the car travelled south and when it ultimately parked on Barclay Street. During that conversation, INDIVIDUAL-1 removed a black firearm from his ankle area and handed it to the CI. The CI produced money and began counting it for INDIVIDUAL-1 in one-hundred-dollar increments. After the money was counted, INDIVIDUAL-1 took all of the money while the CI placed the firearm in the center console. Suddenly, GUZMAN removed a firearm from his waistband area, racked the slide back, and pointed the gun at the CI while stating "Gimme everything nigga." GUZMAN then struck the CI on the right side of the CI's head with the firearm. GUZMAN then grabbed the other firearm (the firearm provided to the CI from INDIVIDUAL-1) from the center console. Both INDIVIDUAL-1 and GUZMAN exited the vehicle. INDIVIDUAL-1 briefly lingered near the front passenger side of the ATF SPV. The CI began communicating with monitoring agents and officers via the audio transmitting device. The CI informed agents that the CI had been robbed. INDIVIDUAL-1 then reopened the driver's side door as the CI began driving away. A still photograph of GUZMAN (who was wearing a black hood and black facemask) brandishing a firearm at the CI (who was wearing a white hat) is included below.



9. Law enforcement conducting surveillance on the ATF SPV, observed one individual, later identified as GUZMAN, run by a law enforcement vehicle down Barclay Street toward Grafton Street. Law enforcement began an active foot pursuit of GUZMAN. As other members of law enforcement arrived at the corner of Barclay Street and Harrison Street, an agent who was approximately thirty feet away observed a firearm fall out of GUZMAN's pants and drop to the pavement and onto a nearby snowbank. Law enforcement apprehended GUZMAN at or near 17 Barclay Street (in close proximity to the aforementioned purchase location). GUZMAN was handcuffed and placed in an ATF vehicle. Law enforcement read GUZMAN his *Miranda* rights and confirmed GUZMAN's identity.

10. Law enforcement communicated via Worcester Police Department (WPD) radio that investigators were currently looking for the second suspect who was later identified as INDIVIDUAL-1. WPD officers arrived in the area and quickly set up a perimeter. Agents saw INDIVIDUAL-1 walking on Coral Street (several blocks from 17 Barclay Street) where he was stopped and arrested. Law enforcement confirmed his identity shortly thereafter.

11. Thereafter, members of law enforcement searched the areas near where GUZMAN and INDIVIDUAL-1 travelled prior to their arrests. I located a black jacket, red sweatshirt, black gloves, black mask, and a cell phone,[3] under a vehicle near 93 Penn Avenue, which was consistent with the route INDIVIDUAL-1 fled from the ATF SPV. The articles of clothing, in particular, were consistent with what the suspect in the front passenger side of the ATF SPV wore during the robbery of the CI. In the pocket of the black jacket, I located $1,500 in cash that I believe was given to INDIVIDUAL-1 by the CI in exchange for the firearm. A different agent located another $100 bill on a snow bank near where GUZMAN was arrested.

[3] I called the 6206 number and the cell phone that I found started ringing, thus I believe the cell phone is assigned the 6206 number.

12. Following GUZMAN's arrest, law enforcement conducted an audio/video recorded interview of GUZMAN. GUZMAN was again read his *Miranda* Rights and signed an official WPD Miranda Waiver and agreed to speak with investigators. GUZMAN stated, in substance and in part, that he "got caught doing some stupid shit" trying to gain a little money. GUZMAN told investigators that a random person contacted GUZMAN on his mother's phone via Instagram. The person offered GUZMAN $600 to make quick money. GUZMAN never identified INDIVIDUAL-1 by name, nor did law enforcement show GUZMAN a photograph of INDIVIDUAL-1. Based on the facts and circumstances described in this affidavit, however, I believed GUZMAN was referring to INDIVIDUAL-1 when he referred to the unidentified person.

13. GUZMAN stated the person gave him a firearm with a 30-round magazine prior to the transaction. GUZMAN explained that he met up with the other person on Mott Street, walked down Barclay Street and entered the backseat of a vehicle. GUZMAN observed the driver of the vehicle put a gun in the center console and started counting money. GUZMAN stated that he did not plan on robbing the driver. GUZMAN stated that he believed both the driver and other person who contacted him on Instagram were going to rob GUZMAN himself. GUZMAN stated that he did not fully insert the magazine in the firearm and brandished the firearm to scare the driver and took the firearm (that was previously offered for sale to the CI) from the center console and ran away.

**<u>Conclusion</u>**

14. Based on the foregoing facts, I submit there is probable cause to believe that on or about February 25, 2026, in the District of Massachusetts, the defendant, Joshua GUZMAN, did forcibly assault, resist, oppose, impede, intimidate, and interfere with any person designated in 18 U.S.C. § 1114, to wit: an ATF confidential informant who was at the time a person assisting officers

and employees of the ATF and who was engaged in official duties, and caused physical contact with a dangerous weapon with the intent to commit another felony in violation of Title 18, United States Code, Section 111(a)(1) and (b).

I declare that the foregoing is true and correct,

Zachary J. Mercer

Zachary J. Mercer, Special Agent
Bureau of Alcohol, Tobacco, Firearms, and
Explosives (ATF)

Sworn to via telephone in accordance with Fed. R. Crim. P. 4.1 this 13th day of April 2026.

11:39 a.m.

David H. Hennessy

HONORABLE DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF MASSACHUSETTS